STATE OF NORTH CAROLINA v. CLYDE C. FORREST

No. 7929SC19

(Filed 1 May 1979)

**Criminal Law §§ 75.7, 76— inadmissible confession—effect on subsequent confession—failure to make findings**

Where defendant was arrested for breaking and entering and larceny, the arresting officer recognized a television set in defendant's residence as one of the stolen items and told defendant that he would recommend that defendant be allowed to sign his own appearance bond if he could obtain more of the stolen property, and defendant "said he could take us to where more of the property was," this statement by defendant amounted to a confession and was inadmissible because defendant had not been given the *Miranda* warnings. Furthermore, the trial judge's determination that a subsequent written confession made by defendant after he had been given the *Miranda* warnings was admissible in evidence was not supported by the court's findings where the court made no findings that defendant's second confession was not the product of the prior invalid confession and that any influences rendering the prior confession involuntary did not also render the second confession inadmissible.

APPEAL by defendant from *Seay, Judge.* Judgment entered 16 November 1978 in Superior Court, HENDERSON County. Heard in the Court of Appeals on 3 April 1979.

Defendant was charged in a proper indictment with felonious breaking and entry and felonious larceny. Upon entering a plea of

not guilty, the defendant was advised by the assistant district attorney that the State intended to offer into evidence an alleged confession made by him. Defendant then filed a written motion to suppress and requested a *voir dire* hearing prior to trial on the motion. The evidence adduced at the hearing tended to show the following:

Randy Case, a Deputy Sheriff for Henderson County went to the defendant's residence on 20 June 1978 with an arrest warrant for the defendant for a breaking and entering and larceny that occurred at David Unwin's residence in Zirconia on 10 May 1978. When the defendant opened the door, Deputy Case observed a television and a throw rug matching the descriptions of items taken from the Unwin residence, and placed the defendant under arrest. No Miranda warnings were given to the defendant at this time. Deputy Case next proceeded to examine the television and rug more closely and determined them to be the items taken from Unwin's residence. Defendant was led to a police vehicle in which he was to be taken to Hendersonville. Bill Thomas, another officer with the Sheriff's department was also present. While in the police vehicle, Deputy Case told the defendant that if they could obtain more of the stolen property, he would make a recommendation that the defendant sign his own appearance bond. Defendant agreed to take the two deputies to where more of the property was located. After first going to the magistrate's office and signing his own bond, defendant took the officers to more of the stolen property. Thereafter he accompanied the deputies to the Sheriff's department where he was advised of his constitutional rights. Defendant signed a waiver of rights form in the presence of Deputy Case and Officer Thomas. After signing the form, defendant made a confession which Deputy Case reduced to writing.

At the conclusion of the *voir dire* hearing, the trial judge made findings and conclusions which, except where quoted, are summarized below:

On 19 June 1978, Deputy Sheriff Randy Case went to the defendant's residence and arrested the defendant pursuant to an arrest warrant. The deputy observed a television set and a throw rug that were the subject of the arrest. "Officer Case told the defendant that if he would assist in the recovery of the additional

property taken from the Unwin residence, he would recommend that he be allowed to sign his own appearance bond." Defendant was then taken to the Magistrate's Office. "[W]hen the defendant left the Magistrate's Office, he was asked to go into the Sheriff's Office, but was not, at that time, in custody, the defendant having been released on bond." While in the Sheriff's Office, defendant was advised of his Miranda rights and signed a waiver form. The court concluded "that the defendant was properly advised of his constitutional rights" in the Sheriff's Office; "that the defendant did, thereupon, freely, understandingly and voluntarily make a statement to the officers;" and "that no threats or promises were made to him to induce him to answer any of the questions."

Upon the judge's ruling on his motion to suppress, defendant entered a plea of guilty to the offenses charged in the indictment, and received a sentence of two to four years on the breaking and entering charge, and a sentence of two to four years on the larceny charge, to run at the conclusion of the first sentence. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Amos C. Dawson III, for the State.*

*Stepp, Groce, Pinales & Cosgrove, by Timithy R. Cosgrove, for defendant appellant.*

HEDRICK, Judge.

Appellate review is permitted by G.S. § 15A-979(b). The sole question presented by this appeal is whether the trial court erred in denying defendant's motion to suppress. The defendant contends that the written confession given by him in the Sheriff's office was the product of a prior involuntary confession, and thus the trial court erred in determining that his second confession was "freely, understandingly and voluntarily" made. The rule in North Carolina is as follows:

> [When] a confession has been obtained under circumstances rendering it involuntary, a presumption arises which imputes the same prior influence to any subsequent confession, and this presumption must be overcome before the subsequent confession can be received in evidence. The burden is upon the State to overcome this presumption by clear and convincing evidence. [Citations omitted.]

*State v. Silver*, 286 N.C. 709, 718, 213 S.E. 2d 247, 253 (1975). *See also State v. Siler*, 292 N.C. 543, 234 S.E. 2d 733 (1977). This rule "arises out of a concern that where the first confession is procured through promises or threats rendering it involuntary as a matter of law, these influences may continue to operate on the free will of the defendant in subsequent confessions." *State v. Siler*, 292 N.C. at 551, 234 S.E. 2d at 739; *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968); *State v. Hamer*, 240 N.C. 85, 81 S.E. 2d 193 (1954).

The evidence adduced at *voir dire* clearly discloses that the defendant made inculpatory statements at the time of his arrest in response to the officers' questioning, and that such statements amounted to a confession. "Any extra judicial statement of an accused is a confession if it admits defendant's guilt of an essential part of the offense charged." *State v. Williford*, 275 N.C. 575, 582, 169 S.E. 2d 851, 857 (1969); *State v. Hamer, supra.* In the present case, defendant was arrested for breaking and entering and larceny, the arresting officer recognized a television as being one of the stolen items, accused the defendant specifically of stealing the television and then told him that if he and Officer Thomas could obtain more of the stolen property, he would make a recommendation that defendant sign his own appearance bond. According to Deputy Case's testimony, the defendant "said he could take us to where more of the property was." This statement by the defendant amounted to a confession since it, in effect, disclosed that the defendant had taken part in the offenses charged. *See State v. Fletcher*, 279 N.C. 85, 89, 181 S.E. 2d 405, 409 (1971). Furthermore, the evidence adduced on *voir dire* clearly shows that the defendant's first confession was inadmissible because the defendant was not informed of his rights under the *Miranda* decision. *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed. 2d 694, 726 (1966); *State v. Siler, supra*; *State v. Biggs*, 289 N.C. 522, 223 S.E. 2d 371 (1976).

Thus, the question for our determination is whether the trial judge's finding and conclusion that the defendant's second confession was "freely, understandingly and voluntarily" made is supported by the evidence adduced on *voir dire*. In this regard, the State had the burden of showing by clear and convincing evidence that the defendant's second confession was not the product of the prior invalid confession and that any influences rendering the

prior confession involuntary did not also render the subsequent confession inadmissible. There is no evidence in this record as to what effect the defendant's first confession had on his second, or that the circumstances rendering the first inculpatory statements of the defendant inadmissible had abated so that his subsequent confession was in fact voluntarily made. The trial judge's Order contains no findings whatsoever with regard to the effect of defendant's first confession. Thus the trial judge's finding and conclusion that the defendant's second confession was "freely, understandingly and voluntarily" made is not supported by the evidence adduced on *voir dire*, or the findings of fact, and therefore the Order denying the defendant's motion to suppress is reversed. The defendant's plea of guilty is stricken; the judgment entered is vacated; and the cause is remanded to the superior court for further proceedings.

Reversed and remanded.

Judges PARKER and CARLTON concur.